703 So.2d 1165 (1997)
Louis Charles SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2979.
District Court of Appeal of Florida, Fifth District.
December 12, 1997.
Rehearing Denied January 14, 1998.
*1166 Louis Charles Smith, Malone, pro se.
No Appearance for Appellee.
W. SHARP, Judge.
Smith was convicted of sexual battery[1] (a life felony), and kidnapping[2] (a first-degree felony), and he was sentenced to two life imprisonment terms. On the kidnapping charge, he was sentenced as a violent felony habitual offender and received a 15-year mandatory minimum sentence. He also was designated as a sexual predator. He appealed and this court affirmed without opinion. Smith v. State, 675 So.2d 948 (Fla. 5th DCA 1996).
Smith filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. He alleged five grounds, four of which claimed incompetence of trial counsel. The trial judge summarily denied relief except for a portion of the first claim the failure of trial counsel to call an alibi witness. On September 16, 1997, the judge ordered an evidentiary hearing to be held concerning that issue.
However, on September 24, 1997, Smith filed a motion for rehearing, which was denied October 6, 1997. Next Smith filed a notice of appeal directed to the trial court's order of October 6, denying his motion for rehearing. Apparently recognizing that he had created a jurisdictional quagmire, Smith filed a motion with this court for temporary relinquishment of jurisdiction to the trial court.
We agree there is a jurisdiction problem in this case. In like cases this court has consistently held that such an appeal is premature. Since there is still trial court labor to be conducted below, which might moot the appeal, it is not appropriate that we deal with this case in a piecemeal fashion. See, e.g., unpublished orders entered in: Gordon v. State, 688 So.2d 995 (Fla. 5th DCA 1997) (sua sponte dismissed without prejudice); Myers v. State, No. 96-1585 (Fla. 5th DCA June 17, 1996) (sua sponte dismissed as improper piecemeal appeal); Williams v. State, No. 96-778 (Fla. 5th DCA Mar. 28, 1996) (sua sponte dismissed for lack of jurisdiction); Johnson v. State, No. 95-2713 (Fla. 5th DCA Oct. 26, 1995) (sua sponte dismissed for lack of jurisdiction).
Accordingly, we deny Smith's motion for temporary relinquishment of jurisdiction to the trial court, and we dismiss this appeal, sua sponte, as being premature and piecemeal, and thus one this court lacks jurisdiction to hear.
Motion DENIED; Appeal DISMISSED.
COBB and THOMPSON, JJ., concur.
NOTES
[1] § 794.011(3), Fla. Stat. (1993).
[2] § 787.01(1)(a), Fla. Stat. (1993).