THOMPSON, J.
Raymond Maysonet appeals an order ■granting in part and denying in part his Florida Rule of Criminal Procedure 3.800(a) motion to correct guideline scoresheet errors. We dismiss without prejudice.
Maysonet contended in his Rule 3.800(a) motion that several sentencing errors occurred: that 40 points for victim injury were improperly scored; that 18 points for use of a firearm were scored in error; and that the primary offense should have been scored as a level 4 offense, rather than a level 8 offense. The trial court found that the victim injury-argument was raised and rejected in the direct appeal and the primary offense was properly scored as a level 8 offense. However, the court agreed that the 18 points for use of a firearm were improperly scored and ordered defendant to be resenteneed at a time to be set by a separate order. Mayso-net immediately appealed rather than wait for the resentencing.
In Smith v. State, 703 So.2d 1165 (Fla. 5th DCA 1997), a similar case, the defendant *231 appealed an order denying four claims in a Rule 3.850 motion, but granting an evidentia-ry hearing on one issue. This court held that since there was still labor to be completed in the trial court, the appeal was premature. Noting that it is not appropriate to deal with a case in a piecemeal fashion, the court dismissed the appeal. See also Gowins v. State, 662 So.2d 1348 (Fla. 5th DCA 1995) (appeal of order granting in part and denying in part a Rule 3.850 motion dismissed for lack of jurisdiction).
We apply the rule in this case. At the resentencing, the trial court could reconsider the scoring and moot this appeal; or Mayso-net, represented by counsel, could decide not to appeal the new sentence. Regardless, there is additional judicial labor that will occur. Accordingly, this appeal is dismissed, without prejudice to appeal the new sentence and any scoring errors.
DISMISSED without prejudice.
GRIFFIN, C.J., and ANTOON, J., concur.